EL PASO COUNTY, Texas, Appellant,

v.

Gabrelle NAVARRETE, Appellee.

No. 08–05–00271–CV.

Court of Appeals of Texas, El Paso.

May 18, 2006.

Rehearing Overruled June 28, 2006.

Maria A. Salas–Mendoza, Assistant County Attorney, San Antonio, for Appellant.

John P. Mobbs, El Paso, for Appellee.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and PARKS, JJ. PARKS, J., sitting by assignment.

### *OPINION*

RICHARD BARAJAS, Chief Justice.

This is an appeal from the trial court's denial of a plea to the jurisdiction against Appellant El Paso County. In a single issue on appeal, Appellant contends the trial court erred in denying its plea to the jurisdiction with respect to the retaliation claims added to Appellee's amended petition because the Appellee failed to exhaust her administrative remedies under the Texas Commission on Human Rights Act ("TCHRA" or "the Act") before she filed her lawsuit in district court. We reverse the judgment of the trial court.

### I. *FACTUAL AND PROCEDURAL BACKGROUND*

In January 1982, Ms. Gabrelle Navarrete, Appellee, was hired by El Paso County and throughout the years, received several promotions; her last position was Assistant Director of Facilities and Entertainment. On May 19, 2003, Appellee was informed that due to a reduction in force, her position was going to be eliminated. At the discretion of the director of the coliseum, Brian Kennedy, eight positions out of twenty-five full-time positions at the coliseum were eliminated and five new positions were created. Although the reason for the reduction in force was to save money, Mr. Kennedy hired new employees, including the daughter of an assistant coliseum director, and increased the pay of two other coliseum employees. The new positions created that were originally held by Appellee and another employee, Kelly Heidtman, were the only two positions that listed a lower salary than before. Appellee's position was re-titled Assistant Director of the Coliseum. Appellee applied for this new position but was not rehired.

On June 23, 2003, Appellee filed a charge of discrimination with the TCHR and the EEOC. In the charge, Appellee provided that the discrimination was based on sex and listed the following as the particulars of the complaint:

I. A. On May 19, 2003, I was advised that my position (along with four others) was going to be eliminated. We were told that the positions would be reevaluated, renamed, and we could apply for reinstatement. My position, "Assistant Director of Facility & Entertainment", has been retitled "Assistant Director/Coliseum"; but I was not reinstated/rehired. (The other female whose position was eliminated/retitled was also not retained.) The three males who were affected, were all retained, and two were even promoted and received an increase in pay.

B. On June 06, 2003, I was officially discharged, but not rehired, after my position was retitled.

II. A. Brian Kennedy did not rehire me. No specific reason was given me for the actions of not retaining me to the position once it was retitled.

B. Brian Kennedy discharged me leading me to believe that I would be retained after the position was retitled, and reopened.

III. I believe I was discriminated against, as described above, in that I was discharged, and not rehired/reinstated, after my old position was eliminated and then retitled. Since the

males were actually retained, I believe I was not retained because of my sex, female, in violation of Title VII, of the Civil Act of 1964, as amended.

On June 23, 2003, Jose N. Gurany, the Enforcement Supervisor for the EEOC, sent a letter to Mr. Kennedy requesting that he submit information requested regarding Appellee's claim as part of the EEOC's investigative measures. On September 12, 2003, Mr. Gurany sent Appellee a letter which contained the following:

> The purpose of this letter is to advise you of the information in your charge referenced above, which will be used to make a determination.
>
> You have alleged that after having your position eliminated, you were not selected to fill the new position titled, "Assistant Director/Coliseum," because of your sex, female.
>
> It is Respondent's position that noone [sic] has been selected to fill the position in question, therefore, you can't possibly be the victim of discrimination for non-selection.
>
> At this time, the information in the file does not support your allegations. If you have any new, relevant information for your case which you feel rebuts the employer's position, please provide it to me within ten days from the date of this letter. If no significant information is received which impacts the status of your case, it will be dismissed.

On January 7, 2004, Appellee filed Plaintiff's Original Petition, where she alleged gender discrimination and retaliation. El Paso County filed an Original Answer, followed by a First Amended Original Answer where it asserted the affirmative defense of governmental immunity. In response, Appellee filed a First Amended Petition. In its facts section, Appellee added the following facts:

On or about January 10, 2003, co-worker Kelly Heidtman made a sexual harassment complaint to Brian Kennedy and advised him that untrue and offensive rumors were being spread by two male employees. Defendant's employees Cory Herman and Cory Heon were telling co-workers that Plaintiff was having sex during her lunch hour; that her hair was flat in the back because she just had sex; she's [sic] doesn't have any lipstick on because she just finished giving a blowjob; and that she used cocaine.

Furthermore, according to the First Amended Petition, after the complaint was made, Mr. Kennedy demanded to know the source of such information and Ms. Heidtman advised him that she had received the information from Appellee and another employee, Isabel Flores. Thereafter, Mr. Kennedy transferred Ms. Flores, who was originally hired for a secretarial position, to the Sportspark, where she was required to perform physical work, work in the evenings, and work in a dangerous location. Ms. Flores was additionally forced to request a transfer and accept a lower paying position in another El Paso County department. While Appellee's gender discrimination claim remained the same, her retaliation claim did not. In her retaliation claim, she asserted "that her involvement as a witness in the sexual harassment complaint of Kelly Heidtman [was] a motivating factor and consideration in Defendant's decision to eliminate her position, terminate her employment and not re-hire her for other positions. . . ." Appellee also claimed that the filing of the June 23, 2002 EEOC discrimination complaint was an additional motivating factor for her termination.

Appellant responded by filing a combined plea to the jurisdiction and motion

for summary judgment.[1] The plea to the jurisdiction was "based on the [Appellee's] failure to exhaust her administrative remedies regarding her claims of retaliation." Appellant asserted in its plea to the jurisdiction, that in order to invoke the trial court's subject matter jurisdiction to adjudicate a claim under the Texas Labor Code, the complaining party must first present the claim to the commission. Unless the claim is presented to the commission, the complaining party does not have the right to adjudicate the claim in a judicial court. Appellant states that the trial court does not have subject matter jurisdiction over any retaliation claims since these allegations were not presented to the EEOC/TCHR, and therefore Appellee does not have a right to have such claims adjudicated by the trial court.

Appellee filed a response to both the plea to the jurisdiction and the motion for summary judgment. In her response to the plea to the jurisdiction, Appellee argued that filing an administrative charge is no longer a jurisdictional requirement. Furthermore, Appellee argued that while her retaliation claim was not expressly presented in her administrative charge, her retaliation complaint is like or related to the charge's allegations, limited only by the scope of the investigation that could reasonably be expected to grow out of the discrimination charges.

After holding a hearing, the trial court denied Appellant's plea to the jurisdiction. This appeal follows.

## II. *DISCUSSION*

■ In a single issue on appeal, Appellant asserts that the trial court erred when it denied its plea to the jurisdiction regarding Appellee's claims raised for the first time in her First Amended Petition. Appellant contends that Appellee's added claims to her First Amended Petition were not "part of her administrative charge nor was the County advised that any such claims were being made...." Appellee responds by first asserting that this Court lacks jurisdiction to consider this appeal because Appellant's basis for its plea to the jurisdiction—the inadequacy of Appellee's administrative charges of discrimination—is not a jurisdictional requisite.

Appellee argues that the Texas Supreme Court case, *Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71 (Tex.2000), has abrogated the authorities stating that the TCHRA's filing requirement is jurisdictional, specifically *Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490, 492 (Tex.1996) and *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483 (Tex.1991). She asserts that *Dubai* abrogates the line of authority which provided the underpinning for its statements in *Specialty Retailers* and *Schroeder,* that the filing of an administrative charge under the TCHRA is a jurisdictional requirement.

■ In *Czerwinski v. The University of Texas Health Science Center at Houston School of Nursing,* 116 S.W.3d 119 (Tex.App.-Houston [14th Dist.] 2002, pet. denied), an age discrimination case, the appellant raised a single issue contending that the trial court erred in concluding that the filing requirements prescribed under the Act are jurisdictional. *See Czerwinski,* 116 S.W.3d at 120. The appellant in that case argued that *Dubai* stands for the proposition that failure to comply with statutory requirements is not jurisdictional, but an issue the parties may raise on the merits. *Id.* at 122. The court stated,

---

1. Pending before the Court in this appeal is solely the issue of whether the plea to the jurisdiction was properly denied.

The TCHR was created by the legislature to correlate state law with federal law in the area of employment discrimination. *Schroeder*, 813 S.W.2d at 485. Therefore, before filing an employment discrimination claim, one must comply with the statutory mandates of the TCHR. We agree with the line of cases holding that failure to comply with the Act results in the trial court lacking jurisdiction. *Id.* at 487 n. 10; *see also Caballero*, 872 S.W.2d at 7; *Brammer*, 838 S.W.2d at 848; *Eckerdt*, 802 S.W.2d at 71. We are not persuaded that *Dubai* overruled those cases or should apply to purely statutory causes of action created by the legislature. Accordingly, we hold that [Appellant's] failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction.

*See id.* In this case, Appellant further urges us to consider recent federal case law and find that while the filing of an administrative complaint is mandatory, it is not jurisdictional.[2] While we may look to federal law, we find that Texas courts have construed the state law provisions to be mandatory and jurisdictional and as such, we decline to be guided by federal law on this issue. Contrary to Appellee's assertions, after reviewing Appellant's plea to the jurisdiction, we find that the substance of the plea to the jurisdiction questions Appellee's failure to exhaust her administrative remedies, and an appeal from such a denial grants jurisdiction for this Court to consider.[3] We find that Appellant used the proper procedural vehicle to confer jurisdiction on this Court to consider this appeal. We now turn to Appellant's issue on appeal.

### Standard of Review

 A plea to the jurisdiction is the vehicle by which a party contests the trial court's authority to decide a case. *Bland*

---

2. In particular, Appellee cites to *Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) and *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Appellee asserts that in *Zipes*, the court held that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling. *Morgan* reiterates this holding. In *Morgan*, citing to *Zipes*, the court noted that the Title VII filing period was not a jurisdictional prerequisite, but rather was a requirement subject to the equitable doctrines of waiver, estoppel, and equitable tolling when equity so requires *Morgan*, 536 U.S. at 121, 122 S.Ct. at 2076. Furthermore, the court stated that these equitable doctrines allow the honoring of Title VII's remedial purpose "without negating the particular purpose of the filing requirement, to give prompt notice to the employer." *Id.* In a letter of authorities filed with the Court on March 17, 2006, Appellee directs this Court to the case of *Arbaugh v. Y & H Corp.*, 546 U.S. ——, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). However, as Appellee

admits, *Arbaugh* is not on point to the issue on this appeal. In spite of the holding by federal courts that the filing period under Title VII is subject to equitable doctrines, Texas has uniformly held that the charge filing requisite of the Act is jurisdictional. *See Specialty Retailers*, 933 S.W.2d at 492; *Schroeder*, 813 S.W.2d at 485–86; *Czerwinski*, 116 S.W.3d at 122. We are not persuaded by the authorities cited by Appellee to hold to the contrary and we decline to do so.

3. A governmental unit may appeal an interlocutory order that grants or denies a plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2005). A plaintiff's failure to exhaust administrative remedies is a jurisdictional defect that deprives both the trial court and this Court of jurisdiction. *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex.1998); *New Caney Ind. Sch. Dist. v. Burnham AutoCountry, Inc.*, 30 S.W.3d 534, 536 (Tex.App.-Texarkana 2000, pet. denied). An interlocutory appeal cannot be taken from the denial of a plea to the jurisdiction that does not raise an issue that can be jurisdictional.

*Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000); *TRST Corpus, Inc. v. Fin. Ctr., Inc.,* 9 S.W.3d 316, 320 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). It is a dilatory plea, the purpose of which is to defeat the cause of action without addressing the merits of the case. *TRST Corpus, Inc.,* 9 S.W.3d at 320. The plaintiff bears the burden of alleging facts that affirmatively show the trial court has subject matter jurisdiction. *Id.* Because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.*

▮ Under Chapter 21 of the Labor Code, it is unlawful for an employer to discriminate against an employee with respect to compensation or the terms, conditions, or privileges of employment because of race, color, disability, religion, sex, or national origin. Tex. Lab.Code Ann. § 21.051 (Vernon 2006). This chapter also prohibits retaliation by an employer against a person who filed a charge of employment discrimination. *See id.* § 21.051(2). The Texas Legislature modeled Chapter 21 after federal law for the express purpose of carrying out the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments. *See id.* § 21.001(1); *Soto v. El Paso Natural Gas Co.,* 942 S.W.2d 671, 677 (Tex.App.-El Paso 1997, writ denied). Consequently, when reviewing an issue brought under Chapter 21, we may look not only to cases involving the state statute, but also to cases interpreting the analogous federal provisions. *See Specialty Retailers, Inc. v. DeMoranville,* 933 S.W.2d 490, 492 (Tex. 1996); *Bowen v. El Paso Elec. Co.,* 49 S.W.3d 902, 908 (Tex.App.-El Paso 2001, pet. denied).

▮ The Texas Commission on Human Rights Act maintains a comprehensive administrative review system for obtaining relief from unlawful employment practices. *Schroeder,* 813 S.W.2d at 485. Before suing in state court, an employee must exhaust her administrative remedies under the Act by first filing a complaint with the TCHR within 180 days of the alleged discriminatory act.[4] *Id.;* Tex. Lab. Code Ann. § 21.202(a) (Vernon 2006). This affords the TCHR the opportunity to investigate the allegation, informally eliminate any discrimination and minimize costly litigations. *See* Tex. Lab.Code Ann. §§ 21.203, 21.204(a), 21.207(a) (Vernon 2006). Failure to comply deprives the court of subject matter jurisdiction. *Schroeder,* 813 S.W.2d at 485–89; *Balli v. El Paso Independent School District,* No. 08–04–00034–CV, 2006 WL 565827, at *3 (Tex.App.-El Paso March 9, 2006, no pet.). In other words, unless and until an employee timely submits her complaint to the TCHR, the courts of Texas are barred from adjudicating that complaint. *Schroeder,* 813 S.W.2d at 485–89; *Balli,* 2006 WL 565827, at *3; *Stinnett v. Williamson County Sheriff's Dept.,* 858 S.W.2d 573, 576 (Tex.App.-Austin 1993, writ denied). A lawsuit under the Act is limited to claims made in the discrimination complaint and "factually related claims that could reasonably be expected to grow out of the Commission's investigation of the charge." *Thomas v. Clayton Williams Energy, Inc.,* 2 S.W.3d 734, 738 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Appellee's administrative charge filed with the EEOC office alleged that unlawful employment practices had been taken against her based on her sex. The charge contained no allegations regarding unlawful

---

**4.** Effective March 19, 2004, the powers of the Commission on Human Rights were transferred to the Texas Workforce Commission civil rights division. Tex. Lab.Code Ann. § 21.0015 (Vernon 2006). Appellee's filing predates this change.

employment practices being taken against her based on the information she provided to Ms. Heidtman which is the basis of her retaliation claim alleged for the first time in her First Amended Petition. In this case, the retaliation claims could not be expected to grow out of Appellee's charge. As such, we find that Appellee failed to exhaust her administrative remedies with respect to her retaliation claims and as such, is precluded from raising them for the first time in her First Amended Petition. For this reason, with respect to the retaliation claim, the trial court is without jurisdiction to consider this claim. We sustain Issue No. One.

Having sustained Appellant's sole issue on review, we reverse the denial of the plea to the jurisdiction and render judgment dismissing Appellee's retaliation claims against Appellant for lack of subject matter jurisdiction. We deny as moot Appellee's motion to dismiss appeal for want of jurisdiction.