NUMBER 13-04-679-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MARY RAMIREZ, ET AL., Appellants,


v. 


DRC DISTRIBUTORS, LTD., Appellee.

 




On appeal from the 197th District Court of Cameron County, Texas.


 




O P I N I O N



Before Justices Rodriguez, Garza, and Benavides 


Opinion by Justice Benavides



 Appellants Mary Ramirez, Jennifer Gomez, Stacy Roberts, Sara Sosa, and Isela
Villarreal (the "employees") sued their former employer, DRC Distributors, Ltd. ("DRC") for
sexual discrimination in violation of the Texas Commission on Human Rights Act (the
"TCHRA"), Tex. Lab. Code Ann. §§ 21.001-.556 (Vernon 2006). Prior to filing suit, the
employees jointly filed a discrimination complaint with the Texas Commission on Human
Rights (the "Commission") and received notice of their right to sue. They then brought their
TCHRA claims in the district court. 

 DRC, their employer, filed a combined motion for partial summary judgment and
plea to the jurisdiction asserting that the district court lacked jurisdiction because the
employees failed to exhaust their administrative remedies. Specifically, DRC argued that
the complaint filed with the Commission failed to comply with Texas Labor Code section
21.201 because it erroneously named a prior owner of the business instead of the DRC
as the respondent. The district court agreed and dismissed the employees' claims. 
Because we conclude that the employees complied with the TCHRA by providing sufficient
information for the Commission to identify DRC as the respondent, we reverse and
remand. See id. § 21.201(c)(3).

I. Background

 In May 2000, DRC purchased Joiner Food Service, Inc.'s ("Joiner, Inc.") assets. 
David Carava was the owner and general manager of DRC, directly supervising DRC's
employees. 

 DRC operated Joiner, Inc.'s prior business with little to no apparent changes. First,
DRC occupied the same premises used by Joiner, Inc. DRC's registered office with the
Secretary of State was 821 West Jackson Street, Harlingen, Texas-Joiner, Inc.'s address. 
Carava was DRC's registered agent.

 Second, DRC operated the business under a nearly identical assumed name. 
Carava signed and filed an assumed name certificate with the Texas Secretary of State,
stating that DRC would operate under the assumed name "Joiner Food Services"-deleting
only the "Inc." from the prior owner's name. 

 DRC employed the appellants (the "employees") after it purchased Joiner, Inc.'s
assets. (1) Shortly thereafter, however, problems arose between Carava and the employees. 
Carava allegedly began sexually discriminating against and sexually harassing the
employees. As a result, the employees claim that they were actually or constructively
terminated from employment in February 2001. 

 In April 2001, the employees jointly filed a discrimination complaint with the
Commission based on Carava's allegedly inappropriate conduct. The complaint incorrectly
identified the respondent as "Joiner Food Service, Inc.," the former owner, but it noted the
employees' belief that Carava had purchased the company:

 This charge is being brought on behalf of [the employees] for sexual
discrimination and harassment against Respondent Joiner Food Service, for
violations of State and Federal law.


 . . . .


 The Respondent, Joiner Food Service, Inc., 821 West Jackson,
Harlingen, Texas . . . is a Texas Business Corporation incorporated under
the laws of the State of Texas. . . Based on information and belief, however,
the corporation has been sold to David Carava and is being managed and
run by Mr. Carava. Although Joiner Food Service, Inc. is based in Texas, Mr.
Carava apparently resides primarily in California. 


The complaint then spent ten pages specifically detailing Carava's discriminatory and
harassing conduct, describing Carava as "the general manager and apparent owner of
Joiner Food Service, Inc."

 Carava was not formally listed as a respondent in the complaint, even though the
employees provided the Commission with information regarding Carava's purchase of the
business and even though the entire complaint is based on Carava's actions. Likewise,
the correct employer, DRC, was not formally named as a respondent or otherwise
identified in the complaint. 

 Nevertheless, it is undisputed that the Commission was able to identify and locate
Carava even though the complaint named Joiner, Inc., the former owner, as the
respondent. First, the Commission's "skeleton file" contained mailing memoranda listing
"David Carava, Owner" as the respondent. Second, the memoranda listed "Joiner Food
Service" (absent the "Inc.") as the respondent's company name. Third, the memoranda
listed the respondent's address as 821 West Jackson, Harlingen, Texas-DRC's registered
office. The Commission apparently used this information to locate Carava, as it is also
undisputed that Carava received the complaint and understood that it applied to DRC. (2) 

 The employees received notice from the Commission of their right to sue, and they
timely filed suit on May 31, 2002. In their Original Petition, the employees named Joiner,
Inc. and David Carava as defendants. DRC was not initially named as a defendant but
was joined later. (3) The employees alleged violations of the TCHRA and common-law
claims for invasion of privacy, assault and battery, malice, and constructive discharge
against Carava, Joiner, Inc., and DRC. Additionally, they alleged that Carava's actions
individually constituted an intentional infliction of emotional distress. 

 DRC and Carava filed a combined motion for partial summary judgment and plea
to the jurisdiction, arguing that the trial court lacked subject-matter jurisdiction because the
employees' Commission complaint did not specifically name DRC and Carava as
respondents. They also argued that Carava could not be individually liable under the
TCHRA and that the common-law claims were barred by limitations. The district court
granted the motion, finding that it lacked jurisdiction over the employees' TCHRA claims
because they "did not satisfy the jurisdictional pre-requisites to file these claims." The court
also found that Carava was not liable in his individual capacity under the TCHRA and that
limitations barred all the common-law claims. (4) This appeal ensued.

II. Sufficiency of the Complaint

 In a single issue, (5) the employees argue that the trial court erred in dismissing their
TCHRA claims against DRC (6) because their complaint satisfied the TCHRA's pleading
requirements. (7) For the following reasons, we agree with the employees. Accordingly, we
reverse the trial court's order dismissing their claims and remand for further proceedings.

A. Standard of Review

 DRC filed what it called a "motion for partial summary judgment/plea to the
jurisdiction," which the trial court granted. The trial court did not indicate whether
procedurally it was granting DRC's motion for summary judgment or its plea to the
jurisdiction. However, the standard of review for either motion is the same. See Tex. Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004) (standard of review for
a plea to the jurisdiction "generally mirrors that of a summary judgment under Texas Rule
of Civil Procedure 166a(c)"). (8)

 In accordance with the standard for both procedural vehicles, we will review the trial
court's ruling de novo. Miranda, 133 S.W.3d at 228; Provident Life Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). The movant bears the initial burden to demonstrate that the
plaintiff failed to exhaust its administrative remedies. Miranda, 133 S.W.3d at 228. If the
movant asserts this contention and supports it with evidence, the plaintiff is then required
to raise a disputed material fact to defeat the motion/plea. Id. We take as true all evidence
favorable to the nonmovant. Id. We will also indulge every reasonable inference and
resolve any doubts in the nonmovant's favor. Id. 

B. TCHRA's Requirements

 Texas Labor Code section 21.201 requires a person claiming to be aggrieved by an
unlawful employment practice to file a complaint with the Commission. Tex. Lab. Code
Ann. § 21.201(a) (Vernon 2006). The complaint must be in writing and under oath, and it
must state that an unlawful employment practice has been committed, including the facts
and circumstances of the unlawful practice. Id. § 21.201(b), (c)(1)-(2). Most importantly
for purposes of this case, the statute requires the complaint to state "facts sufficient to
enable the commission to identify the respondent." Id. § 21.201(c)(3) (emphasis added). 
Once a complaint is filed, the Commission serves a copy of the complaint on the
respondent. Id. § 21.201(d). 

 Federal anti-discrimination law contains a similar requirement, and the federal courts
have construed Equal Employment Opportunity Commission ("EEOC") charges liberally
in the complaining party's favor. (9) 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.12(b) (1981); (10)
Price v. Southwestern Bell Tel. Co., 687 F.2d 74, 78 (5th Cir. 1982) ("Consistent with the
remedial purposes underlying Title VII, we construe employment discrimination charges
with the 'utmost liberality,' bearing in mind that such charges are generally prepared by
laymen untutored in the rules of pleading."). The Fifth Circuit has explained that

 the charge is the catalyst which starts the informal conciliation proceedings
of [the] EEOC. It is in keeping with the purposes of the Act to keep the
procedures for initiating the action simple. . . . For a lay-initiated proceeding
it would be out of keeping with the Act to import common-law pleading
niceties to this "charge," or in turn to hog-tie the subsequent lawsuit to any
such concepts. All that is required is that it give sufficient information to
enable [the] EEOC to see what the grievance is about.


Jenkins v. United Gas Corp., 400 F.2d 28, 29 n.3 (5th Cir. 1968) (citations omitted).

 

C. Analysis

 DRC's evidence shows that the complaint formally listed Joiner, Inc. as the
respondent and that neither DRC nor Carava were identified as respondents. 
Nevertheless, the complaint specifically pointed out that Carava purchased Joiner, Inc. and
focused on Carava's actions as the company's "apparent owner" and "general manager." 
The complaint provided DRC's address, which also happens to be Joiner, Inc.'s previous
address.

 We believe that the employees complied with Texas Labor Code section
21.201(c)(3). DRC provided copies of its assumed name certificate filed with the Secretary
of State (i) bearing Carava's signature, indicating that DRC was operating under the nearly
identical assumed name of "Joiner Food Services"; (ii) listing Carava as DRC's agent for
service of process; and (iii) listing DRC's address, which was the same as the address
provided to the Commission for Joiner, Inc. The information provided to the Commission
and that which was publicly available was "sufficient to enable the commission to identify"
DRC as the respondent. Tex. Lab. Code Ann. § 21.201(c)(3).

 Most importantly, the purpose for requiring a complaint to identify the respondent
is obviously so that the Commission can fulfill its duty to send the respondent notice. Id.
§ 21.201(d). The Commission's files indicate that it identified "David Carava, Owner" of
"Joiner Food Service" as the respondent and that the Commission had DRC's address. 
It is undisputed that Carava received the complaint and understood it as being against
DRC. Although the complaint did not formally list DRC as a respondent, given the purpose
of the TCHRA's pleading requirements and recognizing our federal counterpart's liberal
construction of EEOC charges, we are loathe to "hog-tie" a subsequent lawsuit for pleading
deficiencies before the Commission in a case where the proper respondent received actual
notice of the complaint. Jenkins, 400 F.2d at 29 n.3.

 In Brooks v. Lubbock County Hosp., an unpublished memorandum opinion, the
Amarillo court of appeals determined that a plaintiff's complaint was insufficient where it
identified the respondent by its assumed name. No. 07-04-0068-CV, 2005 Tex. App.
LEXIS 4040, at *5 (Tex. App.-Amarillo May 24, 2005, pet. denied) (memorandum opinion)
(per curiam), cert. denied, 126 S.Ct. 1891 (2006). There, the plaintiff sent a letter to the
EEOC stating that his rights may have been violated at "University Medical Center,"
Lubbock County Hospital's assumed name. Id. The court's opinion does not discuss
whether the plaintiff provided the Hospital's address or any other identifying information. 
Id. It also does not discuss whether the Hospital actually received a copy of the letter from
the EEOC. Id. However, it is clear that the plaintiff there did not provide any information
about the alleged unlawful employment practices that would have assisted the EEOC in
identifying the proper respondent. Id. The court of appeals held that, along with other
deficiencies in the complaint, providing the Hospital's assumed name was insufficient to
identify the hospital as a respondent. Id. 

 Although Brooks is not controlling here, it is the only Texas case thus far addressing
whether a TCHRA complaint sufficiently identified the respondent. Brooks is
distinguishable from the present case because here, the employees provided much more
than just DRC's assumed name. The employees provided sufficient information to allow
the Commission to identify, and in fact to contact, DRC's owner and the subject of the
complaint. Because the employees were only required to state enough facts for the
Commission to identify the respondent, and the evidence shows that the employees
complied with this requirement, the trial court erred in dismissing the employees' TCHRA
claim against DRC. Tex. Lab. Code Ann. § 21.201(c)(3). (11)

III. Conclusion

 Because we find that a disputed issue of material fact exists regarding whether the
employees complied with the TCHRA's pre-suit requirements, the trial court erred in
granting DRC's motion for partial summary judgment/plea to the jurisdiction on their
TCHRA claims against DRC. The trial court's judgment is reversed and the case is
remanded for further proceedings. 

 _______________________

 GINA M. BENAVIDES,

 Justice


Opinion delivered and filed 

this the 1st day of March, 2007.


 
1. Appellant Mary Ramirez was employed by Joiner, Inc. prior to the May 2000 sale. After the sale, her
employment continued with DRC. All the employees claim that, although they were aware that Joiner, Inc.
had been sold, they were not informed that they were in fact employees of DRC instead of Joiner, Inc. 
2. In response to DRC's motion for summary judgment/plea to the jurisdiction, the employees submitted
an affidavit by their attorney, J. Arnold Aguilar. Aguilar testified that Carava admitted in his deposition that he
received the complaint and understood the complaint applied to DRC. DRC never objected to this evidence.
3. For various reasons, the employees did not serve Joiner, Inc. or Carava until late 2002. Thereafter,
Joiner, Inc. filed a verified answer notifying the employees that it had sold all its assets to DRC in May of 2000
and that it was not the proper defendant. It counter-claimed against the employees, alleging that their claims
were groundless, were brought in bad faith, and were brought for the purpose of harassment. Carava
answered and promptly removed the action to federal district court. In April 2003, the employees requested
and were granted leave by the federal district court to join DRC. The federal district court remanded the case
back to the state district court in October 2003. DRC, however, was not served with process until January
2004.
4. This ruling is a final, appealable order because all other parties and issues were disposed by later
orders. 
5. The trial court determined that it lacked jurisdiction over the employees' TCHRA claims "because the
[employees] did not satisfy the jurisdictional pre-requisites to file these claims." Although DRC's motion/plea
noted problems with service and the TCHRA's 60-day limitations period, DRC did not argue that those
irregularities supported an order of dismissal, and the trial court did not rule on those grounds. We cannot
affirm a summary judgment based on arguments not presented to the trial court, and even if properly
presented below, we have discretion to refuse to consider alternate grounds for dismissal not ruled on by the
trial court. See Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 626 (Tex. 1996); Stiles v. Resolution Trust
Corp., 867 S.W.2d 24, 26 (Tex. 1993). We decline to decide these issues on the present record. Nat'l Union
Fire Ins. Co. v. Ins. Co. of N. Am., 955 S.W.2d 120, 126 n.4 (Tex. App.-Houston [14th Dist.] 1997), aff'd on
other grounds, Keck, Mahn & Cate v. Nat'l Union Fire Ins. Co., 20 S.W.3d 692 (Tex. 2000); Valores
Corporativos, S.A. de C.V. v. McLane Co., 945 S.W.2d 160, 161 n.3 (Tex. App.-San Antonio 1997, writ
denied). 
6. The employees do not challenge the ruling regarding Carava. He is not a party to this appeal.
7. DRC objected to and moved to strike portions of the reporter's and clerk's records consisting of
documents filed in federal district court after Carava removed. These documents were not before the trial
court at the time it ruled on DRC's motion/plea. Because we believe that the documents submitted to the trial
court before its ruling raise a fact issue, there is no need to look at the federal court filings urged by the
employees. Accordingly, we deny the motion to strike, but nevertheless, we will not consider the federal court
filings. 
8. Although the Texas Supreme Court held in Schroeder v. Texas Iron Works, Inc. and Specialty
Retailers, Inc. v. DeMoranville that exhaustion of the TCHRA's administrative remedies is mandatory and
jurisdictional, several courts of appeals have questioned whether its decision in Dubai Petroleum Co. v. Kazi
indicated a retreat from this position. 12 S.W.3d 71, 76-77 (Tex. 2000) (overruling Mingus v. Wadley, 285
S.W.1084 (Tex. 1926) "to the extent it characterized the plaintiff's failure to establish a statutory prerequisite
as jurisdictional"); Specialty Retailers, Inc., 933 S.W.2d 490, 492 (Tex. 1996); Schroeder, 813 S.W.2d 483,
488 (Tex. 1991). Compare Windle v. Mary Kay, Inc., No. 05-02-00252-CV, 2003 Tex. App. LEXIS 5594, at
*4 (Tex. App.-Austin July 1, 2003, pet. denied) (memorandum opinion) (holding that TCHRA's 60-day
limitations period is not jurisdictional), with King v. Tex. Dep't of Human Servs., 28 S.W.3d 27, 31 & n.1 (Tex.
App.-Austin 2000, no pet.) (recognizing questions raised by Dubai but refusing to decide whether TCHRA's
limitations period is jurisdictional), and El Paso County v. Navarette, 194 S.W.3d 677, 681-82 (Tex. App.-El
Paso 2006, pet. denied) (noting Dubai but instead relying on Schroeder); and Wal-Mart Stores, Inc. v.
Canchola, 64 S.W.3d 524, 534 (Tex. App.-Corpus Christi 2001), rev'd on other grounds, 121 S.W.3d 735
(Tex. 2003) (questioning whether TCHRA's requirements are jurisdictional after Dubai but not resolving the
issue); and City of La Joya v. Ortiz, No. 13-06-401-CV, 2007 Tex. App. LEXIS 818, at *8 (Tex. App.-Corpus
Christi Feb. 1, 2007, no pet. h.) (memorandum opinion) (issue not raised by the parties, relying on Schroeder). 
9. Because the TCHRA is modeled after its federal counterpart, Title VII of the Civil Rights Act of 1964
and its subsequent amendments, we may look to federal law when interpreting the TCHRA. Tex. Lab. Code
Ann. § 21.001(1) (Vernon 2006); Specialty Retailers, Inc., 933 S.W.2d at 492; Johnson, 127 S.W.3d at 879.
10. This provision provides that "a charge is sufficient when the Commission receives from the person
making the charge a written statement sufficiently precise to identify the parties, and to describe generally the
action or practices complained of." 29 C.F.R. § 1601.12(b).
11. The employees raise equitable tolling arguments, such as misidentification and suit under an
assumed name, arguing that their misidentification of their employer should be excused. DRC counters that
because the TCHRA's requirements are jurisdictional, these theories do not apply. Given our holding that the
employees complied with the TCHRA, however, we need not reach these arguments. Tex. R. App. P. 47.1.