Opinion filed April 3, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 3,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00107-CV 

                                                    __________

 

                                    ROBERT HADDIX JR., Appellant

 

                                                             V.

 

                       AMERICAN
ZURICH INSURANCE COMPANY; 

             CHESTERFIELD
SERVICES, INC.; THE SALVATION ARMY; 

                  AND
FLAHIVE, OGDEN AND LATSON, P.C., Appellees

 



 

                                         On
Appeal from the 217th District Court

 

                                                        Angelina
County, Texas

 

                                             Trial
Court Cause No. 38,878-05-08

 



 

                                                                   O
P I N I O N

 

Robert
Haddix Jr. filed suit against American Zurich Insurance Company; Chesterfield
Services, Inc.; the Salvation Army; and Flahive, Ogden and Latson, P.C.
(Flahive), for injuries he claimed in connection with two on-the-job injuries
and his subsequent claims for workers=
compensation benefits.  The trial court granted appellees= pleas to the jurisdiction
and dismissed Haddix=s
suit.  We affirm in part and reverse and remand in part. 








                                                  I.
Background Facts

Haddix
contended that, while in the course and scope of his employment with the
Salvation Army, he was injured on November 25, 2004, and that he aggravated his
injury on December 16, 2004.  Haddix filed workers= compensation claims for both injuries.  The
Texas Department of Insurance, Division of Workers= Compensation[1]
held a contested case hearing on Haddix=s
December 16 claim and determined that he did not suffer a compensable injury. 
The appeals panel affirmed.   The Division conducted a contested case hearing
on Haddix=s November
25 claim but had not issued a decision when Haddix filed suit.  In response to
Haddix=s suit, the
appellees filed pleas to the jurisdiction arguing that Haddix had failed to
exhaust his administrative remedies.  The trial court conducted a hearing and
subsequently granted the pleas and dismissed the litigation.   

                                                         II.
Analysis

A. 
Was Haddix Improperly Denied a Default Judgment?

Haddix
argues that the trial court erred by failing to impose a default judgment on
the defendants.  Haddix filed his lawsuit on August 29, 2005.  Citations were
issued and were mailed by certified mail on September 1.  Haddix filed a motion
for default judgment on September 20, 2005.  Haddix assumes that the appellees= deadline for filing an
answer began running when the citations were mailed.  This is incorrect.  Appellees
were not served until they received the citation. See  Milam v. Miller,
891 S.W.2d 1 (Tex. App.CAmarillo
1994, writ ref=d)
(defendant was served by certified mail when he received plaintiff=s petition and signed the
certified mail receipt).  

The
officer=s returns
reveal that Zurich was served on September 23, Chesterfield and Flahive were
served on September 26, and the Salvation Army was served on September 28.  The
Salvation Army=s
answer was due on October 24.  The remaining answers were due October 17.  Each
party filed an answer on October 7.  Because appellees were not in default, the
trial court did not err, and Haddix=s
second issue is overruled.[2]

B. 
Did the Trial Court Err by not Making Findings of Fact and Conclusions of Law?

Haddix
contends that the trial court committed misconduct by refusing to file findings
of fact and conclusions of law after it granted appellees= pleas to the
jurisdiction.  A party is entitled to findings of fact and conclusions of law
after a conventional trial on the merits before the court.  IKB Indus. v.
Pro-Line Corp., 938 S.W.2d 440, 442 (Tex. 1997).  A case is Atried@ when a court holds an
evidentiary hearing.  Gen. Elec. Capital Corp. v. ICO, Inc., 230 S.W.3d
702, 711 (Tex. App.CHouston
[14th Dist.] 2007, pet. denied).  In other cases, unless they serve no purpose
such as when summary judgment is granted, findings of fact and conclusions of
law are proper; however, a party cannot compel their preparation.  Pro-Line
Corp., 938 S.W.2d at 442-43.[3]

Courts
have held that findings of fact are not required every time a plea to the
jurisdiction is granted.  In Ford v. City of Lubbock, 76 S.W.3d 795
(Tex. App.CAmarillo
2002, no pet.), the claimants sued the City of Lubbock for the drowning death
of their child.  The City filed a plea to the jurisdiction, and the trial court
held a hearing.  No witnesses testified, but the parties attached affidavits
and deposition testimony to their pleadings.  The trial court granted the City=s plea.  While the family
requested findings of fact and conclusions of law, none were prepared.  The
Amarillo Court was required to determine if findings were appropriate because
of a claim by the City that the family had not timely perfected its appeal. 
The Amarillo Court reviewed the trial court=s
comments at the hearing and concluded that it had accepted the family=s statements as true. 
Consequently, there was no disputed fact issue for resolution, and findings of
fact would have served no useful purpose.  76 S.W.3d at 797-98.








We
believe that the same situation holds true here.  Each appellee asserted a plea
to the jurisdiction.  The pleas were initially unsupported by evidence, but
Flahive subsequently filed a brief that included an affidavit from one of its
attorneys.  Haddix filed responses to the pleas and an appendix of evidence. 
When the trial court held a hearing on the pleas, no witnesses testified and no
evidence was formally received by the trial court.  However, both sides
referred to a letter from the Texas Workforce Commission (TWC) to Haddix that
was included in his appendix of evidence.  The parties reach different
conclusions regarding the evidence, but the evidence itself is undisputed.  The
trial court, therefore, was not required to prepare findings of fact.  We will
assume that the trial court accepted the evidence that Haddix included in his appendix
as true and will afford the factual statements in Haddix=s petition the deference required by law.  See
Cont=l Coffee
Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996) (absent an
allegation of fraudulent pleadings, the trial court must take the plaintiff=s allegations as true and
must construe them liberally in the plaintiff=s
favor when ruling on a plea to the jurisdiction).

Haddix
also argues that he was harmed by the trial court=s
failure to prepare conclusions of law because appellees= pleas consisted of numerous subsections and
because he does not know the basis of the trial court=s ruling.  The trial court=s rulings on questions of
law are reviewed de novo.  State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996). 
This requires that we exercise our own judgment and redetermine each issue.  Quick
v. City of Austin, 7 S.W.3d 109, 116 (Tex. 1998).  Moreover, Haddix is
required to attack all independent bases or grounds that fully support a
complained-of ruling or judgment.  Britton v. Tex. Dep=t of Criminal Justice,
95 S.W.3d 676, 681 (Tex. App.CHouston
[1st Dist.] 2002, no pet.).  Consequently, the preparation of conclusions of
law would not have altered Haddix=s
appeal or our analysis.  Haddix=s
third issue is overruled.

C. 
Did the Trial Court Err by not Providing Haddix an Opportunity to Amend His
Petition?

Haddix
next argues that the trial court erred because it signed an order of dismissal
rather than provide him with an opportunity to amend his petition.  Texas
Courts have signaled a preference for allowing a plaintiff an opportunity to
amend before dismissing a suit in response to a plea to the jurisdiction.  The
general rule is that, if the plaintiff=s
pleadings do not demonstrate incurable defects, the plaintiff should be given
an opportunity to amend.  See Sepulveda v. County of El Paso, 170 S.W.3d
605, 616-17 (Tex. App.CEl
Paso 2005, pet. denied).  If, however, the pleadings affirmatively negate the
existence of jurisdiction, dismissal is appropriate.  See Harris County v.
Sykes, 136 S.W.3d 635, 639 (Tex. 2004).








While
the general rule expresses a preference for allowing an amendment, a plaintiff
can waive this opportunity through inaction.  See, e.g., Kassen v. Hatley,
887 S.W.2d 4, 13-14 n.10 (Tex. 1994) (plaintiffs waived complaint to dismissal
by summary judgment aimed solely at their pleadings when they did not request
an opportunity to amend their petition); see also Dahl ex rel. Dahl v. State,
92 S.W.3d 856, 862 n.6 (Tex. App.CHouston
[14th Dist.] 2002, no pet.) (noting that plaintiffs arguably waived complaint
that the trial court failed to provide them with an opportunity to amend their
pleadings when they did not seek leave to amend).

Haddix
made no effort to amend his petition prior to the hearing.  The only prehearing
reference to an amended pleading was in Haddix=s
response to the Salvation Army=s
plea.  The Salvation Army contended that Haddix had not exhausted his
administrative remedies for bringing a Payday Law cause of action by not filing
a claim with the Department of Labor.[4]  Haddix
disputed this and then stated: APlaintiff
is glad that Defendant brought this point up.  In his Original Petition,
Plaintiff did not request damages for this cause of action.  Plaintiff now
requests leave from the Court to file a supplement to his petition to address
this point and other unintentional glitches in his Original Petition.@  Despite this statement,
Haddix did not file an amended or supplemental pleading prior to the hearing. 

Haddix
made no effort to amend his petition during or after the hearing.  The hearing
occurred on November 8.  The trial court took the pleas under advisement.  The
trial court notified the parties by correspondence dated December 15 that it
was granting defendants=
pleas and requested a proposed order.  The trial court signed an order on
December 22.  Haddix objected to this order contending that the trial court
erred by not giving him a chance to amend but he did not amend or request leave
to amend his pleadings.  Haddix filed a motion for new trial and again objected
to the failure to grant him an opportunity to amend, but he did not request leave
to amend or indicate how he could address his pleading deficiencies with an
amended pleading.

Even
if we assume that the better practice would have been served by specifically
providing Haddix with an opportunity to amend his pleadings, he had the opportunity
in response to defendants=
pleas to amend but did not do so, and he had over one month following the
hearing to amend but did not do so; however, he has never advised either the
trial court or this court what he could plead that would address any of the
jurisdictional challenges.  Accordingly, we cannot say that the trial court
erred, and Haddix=s
fourth issue is overruled.

D. 
Did the Trial Court Err by Citing the Wrong Section of the Labor Code?

The
Salvation Army, Zurich, and Chesterfield each pleaded that Haddix=s common-law remedies were
barred by the exclusive remedy of the Texas Workers= Compensation Act pursuant to ATexas Labor Code Section
406.234.@  Haddix
complains that the trial court erred by granting this challenge because Section
406.234 does not exist.  The appellees cited the wrong section of the Labor
Code, but they are correct that the recovery of workers= compensation benefits is the exclusive remedy
of an employee covered by workers=
compensation insurance for work-related injuries.  See Tex. Lab. Code Ann. ' 408.001(a) (Vernon 2006). 
Haddix=s fifth issue
is overruled.

E. 
Did the Trial Court Err with its Evidentiary Rulings?

Haddix
argues that the trial court erred by refusing to admit, consider, or allow
relevant testimony and evidence.  He does not, however, identify what evidence
he believes was not admitted or considered.  In his brief, he repeatedly refers
to statements made by him while presenting argument to the trial court and to
cases he furnished the trial court.  Neither constitutes evidence.  We have
previously held that we will assume that the trial court accepted all evidence
tendered by Haddix as true and that we will consider that evidence in our
review.  Haddix=s
seventh, eighth, and twelfth issues, therefore, present nothing for our
determination and are overruled.

F. 
Did the Trial Court Err by Granting the Pleas to the Jurisdiction?

In
several issues, Haddix challenges the propriety of the trial court=s decision to grant the
appellees= pleas to
the jurisdiction.  We will treat these collectively.  A plea to the
jurisdiction contests a trial court=s
subject-matter jurisdiction.  Tex. Dep=t
of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  The purpose of the
plea Ais not to force
the plaintiffs to preview their case on the merits but to establish a reason
why the merits of the plaintiffs=
claims should never be reached.@ 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). 
Whether a court has subject-matter jurisdiction is a matter of law.  Tex.
Dep=t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  Accordingly,
we review a challenge to the trial court=s
subject-matter jurisdiction de novo.  Id. at 228.








Haddix
asserted several causes of action against the appellees.[5] 
Their contention is that in each instance Haddix failed to plead that he had
exhausted his administrative remedies and, therefore, that the trial court had
no jurisdiction.  We believe the appellees=
position is not quite a correct statement of the law because, considering a
plea to the jurisdiction based on the alleged failure to exhaust administrative
remedies, it is ultimately the plaintiff=s
actions rather than his pleadings that determine whether the trial court has
jurisdiction.  Cf. Tex. Dep=t
of Transp. v. Beckner, 74 S.W.3d 98, 103 (Tex. App.CWaco 2002, no pet.) (rejecting argument that
plaintiff who filed suit seeking judicial review in a workers= compensation case was
jurisdictionally required to plead that his suit was an appeal of the appeals
panel decision).

1.  The Exhaustion of Administrative Remedies Requirement.

The
exhaustion of administrative remedies requirement represents the legislature=s desire that
administrative agencies initially determine disputed questions of fact and law
in certain situations.  Essenburg v. Dallas County, 988 S.W.2d 188, 189
(Tex. 1998).  When an agency has exclusive jurisdiction, courts have no
subject-matter jurisdiction until the claimant has exhausted all administrative
remedies within the agency.  See In re Entergy Corp., 142 S.W.3d 316,
321-22 (Tex. 2004). 

A
plaintiff is required to allege facts affirmatively demonstrating the trial
court=s jurisdiction. 
Am. Motorists Ins.  Co. v. Fodge, 63 S.W.3d 801, 803 (Tex. 2001). 
Courts, however, are not limited to the consideration of those facts but may
also consider evidence to prove the jurisdictional issues raised.  Bland
I.S.D., 34 S.W.3d at 555.  Consequently, if a party has not exhausted its administrative
remedies but has pleaded that it has, the trial court would not be bound by
this allegation but could still dismiss a claim for lack of jurisdiction.  The
opposite is true as well.  If a party exhausts its administrative remedies but
fails to properly or adequately plead this, the challenge is not to the trial
court=s jurisdiction
but to the adequacy of the plaintiff=s
pleading.








Haddix
initiated two claims with the Division.  Haddix pleaded that he was injured
while in the course of his employment for the Salvation Army on November 25,
2004, and that he aggravated his injury on December 16.  He alleged that a
contested case hearing was conducted concerning the December 16 injury and
that, at this hearing, the hearing officer considered whether Haddix was
injured on December 16 and, if so, whether and for what period was he
disabled.  Haddix alleged that the hearing officer determined that he had no
disability and that the appeals panel affirmed.  Flahive=s evidence corroborated these factual
statements.

Haddix=s petition does not refer
to any administrative proceeding concerning the November 25 injury, but
Flahive=s evidence
indicates that Haddix filed a separate claim for this injury, that the Division
assigned it a claim number, and that a benefit review conference and contested
case hearing were set.  The disputed issues at the second contested case
hearing involved whether the Salvation Army was Haddix=s employer on November 25, whether Haddix was
injured on that date, whether Haddix timely notified his employer of his
injury, whether the carrier had waived the right to contest the compensability,
and whether Haddix was disabled as the result of any November 25 injury.  The
hearing officer had not yet released his findings on these disputed issues when
Haddix filed suit.

It
is clear that the recovery of workers=
compensation benefits is the exclusive remedy of an employee covered by workers= compensation insurance for
work-related injuries. See Section 408.001(a).  It is also clear
that an individual claiming an injury while in the course and scope of his
employment must exhaust his administrative remedies before filing suit and that
this suit is an appeal of the appeals panel.  See Tex. Lab. Code Ann. ' 410.251 (Vernon 2006).

Even
though it is undisputed that Haddix presented a claim for his December 16
injury to the Division and that he contested that claim through the Division=s appeals panel, the
appellees contend that he has not exhausted his administrative remedies because
the November 25 and December 16 injuries are inexorably intertwined.  Appellees
cite no authority in support of the argument that separate claims must be
treated collectively for jurisdictional purposes, and we have found none
ourselves.  Thus, the trial court had jurisdiction to consider an appeal of the
appeals panel decision.  Haddix had not, however, exhausted his administrative
remedies for the November 25 injury, and the trial court did not have
jurisdiction to consider any claim for benefits in connection with that injury.








Haddix=s petition does not state a
claim that indisputably constitutes an appeal of the appeals panel decision. 
Several arguably touch upon that claim, and some are clearly meant to assert an
independent cause of action.  Whether Haddix is properly appealing the appeals
panel or whether his causes of action are barred by the Workers= Compensation Act=s exclusivity provision, we
need not decide today because our review does not concern the merits of Haddix=s claims but merely the
trial court=s
jurisdiction.  See Bland ISD, 34 S.W.3d at 554 (a plea to the
jurisdiction is a dilatory plea intended to defeat a cause of action without
regard to the merits of the claim).  

To
the extent that Haddix is attempting to appeal the appeals panel=s decision, the trial court=s jurisdiction is limited
to the December 16 claim.  The trial court has jurisdiction over Haddix=s causes of action for
fraud, conspiracy, libel, intentional infliction of emotional distress, failure
to properly investigate, and breach of the covenant of good faith and fair
dealing to the extent that Haddix is claiming an independent injury and to the
extent those causes of action do not require proof of a compensable injury on
November 25.  Our holding is limited to the determination that the trial court
has jurisdiction and is not a holding that any cause of action is or is not a
viable claim.

2.  Retaliation for Filing a Claim.

Texas
law prohibits discrimination by employers against employees for filing a
workers= compensation
claim in good faith.  Tex. Lab. Code
Ann. ' 451.001
(Vernon 2006).  The statute does not require that retaliation claims be
submitted to the Division before filing suit.  When courts have discussed an
obligation to exhaust administrative remedies before filing a retaliation
claim, they have dealt with employer-provided grievance procedures.  See,
e.g., Dallas County v. Gonzales, 183 S.W.3d 94 (Tex. App.CDallas 2006, pet. denied). 
There is no contention that the Salvation Army had a grievance procedure.  The
trial court, therefore, had jurisdiction over Haddix=s retaliation claim.

3.  Retaliation by Landlord.








Haddix
pleaded that the Salvation Army was his landlord and that it retaliated against
him for exercising his lawful rights by unlawfully evicting him.  Tex. Prop. Code Ann. ' 92.331 (Vernon 2007)
prohibits retaliation by a landlord against a tenant for exercising, in good
faith, a right granted to the tenant by state law.  The statute does not
provide an administrative remedy for alleged violations.  The trial court,
therefore, had jurisdiction over this claim.  Haddix also asserts a claim for
unlawful eviction and cites Tex. Prop.
Code Ann. '
24.005 (Vernon 2000) in support of this cause of action.  Section 24.005 does
not create a cause of action but requires certain notice before filing a
forcible detainer suit.  We are not required to determine the merits of this
claim but merely the trial court=s
jurisdiction.  Because the statute does not create an administrative remedy,
the trial court has jurisdiction over this claim.

4.  Discrimination.

Haddix
also asserted that he was discriminated against on the basis of his religion,
disability, race, and sex.  The Texas Commission on Human Rights (TCHR) was
created by the legislature to correlate state law with federal law in the area
of employment discrimination.  Schroeder v. Texas Iron Works, Inc., 813
S.W.2d 483, 485 (Tex. 1991).  Before filing an employment discrimination claim,
one must comply with the statutory mandates of the TCHR.  El Paso County v.
Navarrete, 194 S.W.3d 677, 682 (Tex. App.CEl
Paso 2006, pet. denied).  

Haddix=s appendix included a copy
of a letter he received from the TCHR.  This letter acknowledged receipt of an
inquiry from Haddix regarding possible discrimination but indicated that the
TCHR could not draft a charge on his behalf because A[t]he information you have provided is not
sufficient to file a claim of employment discrimination under the Texas
Commission on Human Rights Act, as amended.@ 
Haddix argues that this letter proves that he has exhausted his administrative
remedies, and he spends considerable time discussing evidence that is not part
of our record and discussing whether a right to sue letter is a predicate to
filing a discrimination claim.  Haddix, however, misunderstands the letter he
received and included in the record because it in fact proves that he did not
exhaust his administrative remedies.  

Individuals
are required to first file a complaint with the TCHR so that it can investigate
the allegations, informally eliminate any discrimination, and minimize costly
litigation.  Id. at 683.  Any subsequent lawsuit is limited to claims
made in the complaint and factually related claims that could reasonably be
expected to grow out of the TCHR=s
investigation of the charge.  Thomas v. Clayton Williams Energy, Inc., 2
S.W.3d 734, 738 (Tex. App.CHouston
[14th Dist.] 1999, no pet.).  That purpose is not served if an individual fails
to provide sufficient information to the TCHR to support a claim of
discrimination.  Haddix failed to exhaust his administrative remedies with the
TCHR, and the trial court did not have jurisdiction to consider his
discrimination claims.  








5. Failure to Pay Wages.

Haddix=s final claim alleges that
the Salvation Army illegally failed to pay his wages.  An employee seeking
unpaid wages from an employer may pursue a judicial action against the employer
or may seek an administrative remedy as provided under the Payday Law.  Holmans
v. Transource Polymers, Inc., 914 S.W.2d 189, 192 (Tex. App.CFort Worth 1995, writ
denied).  Haddix=s
evidence indicates that he filed a claim with the Texas Workforce Commission
and that he was awarded $528 in unpaid wages.  Appellees argue that Haddix was
required to prosecute an appeal of this award to the TWC appeals panel before
filing suit.  They contend that, because Haddix did not affirmatively plead
that he had prosecuted an administrative appeal, the trial court lacked
jurisdiction.  This, however, is a pleading rather than a jurisdictional
defect. Cf. Hull v. Davis, 211 S.W.3d 461, 465 (Tex. App.CHouston [14th Dist.] 2006,
no pet.) (trial court lacked jurisdiction over Payday Law claim because record
affirmatively established that plaintiff failed to administratively appeal the
hearing examiner=s
decision).  Because Haddix presented evidence that an administrative claim was
filed and the record is silent on whether an appeal was prosecuted, the trial
court had jurisdiction over this cause of action.  Our holding does not
foreclose further consideration of this issue in response to additional
evidence.

 Haddix=s sixth, ninth, tenth,
eleventh, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth,
eighteenth, nineteenth, and twenty-first issues are sustained in part and
overruled in part.  This case is remanded for further consideration of those
claims over which we have held that the trial court had jurisdiction.

G. 
Were Haddix=s
Due Process Rights Violated?

Haddix
contends that the trial court engaged in misconduct that deprived him of his
due process protections by operating what he describes as a Akangaroo court.@  In support of this
argument, Haddix has provided this court with an extended, and at times
personal, critique of the trial court, the district clerk, the court reporter,
and opposing counsel.  Haddix extensively relies upon matters not supported by
the record and on challenges not properly preserved, and he repeatedly displays
a fundamental misunderstanding of the legal process.  








Our
review of the entire record makes clear that his due process rights were not
abridged.   Haddix was provided the opportunity to respond to the pleas to the
jurisdiction with both pleadings and evidence and to present argument to the
trial court.  When Haddix filed a motion for new trial, the trial court allowed
Haddix to argue this motion for new trial for over one hour and fifteen
minutes.  During that hearing, Haddix accused opposing counsel of lying and
fraudulent conduct,  called the trial court negligent, sarcastically referred
to the trial court=s
rulings, ridiculed the trial court, and accused the trial court of having a
well-known bias and prejudice against unrepresented plaintiffs.  During all of
this, the trial court showed considerable restraint and patience.  

Haddix
contends that the clerk=s
record is missing correspondence and rulings, the reporter=s record is incomplete, and
the audiotapes from the trial court=s
hearings have been altered.  Earlier, this court abated the appeal in response
to Haddix=s motion to
supplement the reporter=s
record, directed the trial court to conduct an evidentiary hearing, and asked
the court to provide us with findings of fact and conclusions of law in
connection with that hearing.  This hearing was conducted by a different judge
than the one that granted the pleas to the jurisdiction.  The judge also
listened to the audiotape of the plea to the jurisdiction hearing.  The judge
found that, except for a typographical error, the reporter=s record was accurate and
that many of the things Haddix alleges occurred during the jurisdiction hearing
simply did not.  Haddix has not challenged any of these findings with an issue
as required by Tex. R. App. P.
38.1(e).  Those findings are, therefore, binding on him.

Haddix
has not established that his due process rights were violated.  His first issue
is overruled.

H. 
Sanctions.

Haddix=s twentieth issue complains
of the trial court=s
refusal to grant any of his many requests for sanctions.  Haddix has also asked
this court to impose sanctions on opposing counsel.  Haddix repeated that
request during oral argument.  Haddix has wholly failed to establish that
opposing counsel engaged in improper conduct either before the trial court or
this court.  Haddix=s
request for sanctions is denied, and his twentieth issue is overruled.  








Appellees
have not requested sanctions from Haddix, but we feel it necessary to caution
him about his own conduct.  His brief contains many personal attacks against
the trial court B 
including allegations of criminal misconduct that lack any credible evidentiary
support.  His brief contains repeated references to material that he
acknowledges is not part of our record.  His conspiratorial allegations strain
reason and credibility.  We have exercised considerable restraint and have
largely ignored Haddix=s
improper behavior in an effort to timely resolve this appeal.  

Appellant
would be well advised to desist from such behavior in the future.  Even though
he is proceeding pro se, Haddix is subject to the same standards as licensed
attorneys.  Holt v. F.F. Enters., 990 S.W.2d 756, 759 (Tex. App.CAmarillo 1998, pet.
denied).  Similar conduct by counsel has resulted in disciplinary action by
this court.   See Burleson v. Sharp Image Energy, Inc., No.
11-06-00069-CV, 2007 WL 3298973 (Tex. App.CEastland
November 8, 2007, pet. filed) (mem. op.).  We have granted Haddix some relief
by partially remanding this case for further proceedings.  In so doing, we are
not holding that either the trial court or opposing counsel have conducted
themselves improperly; and this opinion should not be used to suggest
otherwise.  

If
Haddix elects to file any further pleadings with this court, those pleadings
should be restricted to the record, should be devoid of any personal attacks,
and should be professional in tone.  The failure to do so will be treated
accordingly.

                                                                     III.
Holding

            The
judgment of the trial court is affirmed in part and reversed and remanded in
part.  The case is remanded to the trial court for further consideration of
those matters over which we have held the trial court has jurisdiction.

                                                                              

 

RICK STRANGE

JUSTICE

 

April 3, 2008 

Panel consists of: Wright, C.J.,

McCall, J., and Strange, J.









     [1]Prior to September
1, 2005, this agency was known as the Texas Workers= Compensation Commission.  For clarity, we will refer
to it as the Division throughout this opinion.





     [2]We note also that a
default judgment would have been inappropriate until the return of citation had
been on file for ten days.  Tex. R. Civ.
P. 107.  The returns for each defendant were filed on October 21 B well after each defendant filed its answer.  





     [3]In addition to
summary judgments, the court also listed judgment after directed verdict,
judgment non obstante veredicto, default judgment awarding liquidated damages,
dismissal for want of prosecution without an evidentiary hearing, dismissal for
want of jurisdiction without an evidentiary hearing, dismissal based on the
pleadings or special exceptions, and any judgment rendered without an
evidentiary hearing as examples of instances in which findings and conclusions
can have no purpose and should not be requested.  Id. at 443.





     [4]Tex. Lab. Code Ann. '' 61.001-.095 (Vernon 2006).





     [5]Haddix pleaded
workers= compensation fraud, conspiracy, libel, intentional
infliction of severe emotional distress, malicious and/or intentional and
deliberately negligent failure to properly and fully investigate, breach of
good faith and fair dealing, discrimination by retaliation, retaliation by
landlord, unlawful eviction, tax fraud, discrimination based on religion,
disability discrimination, racial discrimination, sexual discrimination, and
failure to pay wages.