COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| EL PASO COUNTY, | § | |
| Appellant, | § | No. 08-11-00131-CV |
| v. | § | Appeal from the |
| MOCTEZUMA KELLEY, | § | 34th Judicial District Court |
| Appellee. | § | of El Paso County, Texas |
| | § | (TC# 2008-3319) |

**O P I N I O N**

Moctezuma Kelley ("Kelley") sued the County of El Paso (the "County") for damages related to the termination of his employment as a detention officer with the El Paso County Sheriff's office. The County answered the suit, and later filed a plea to the jurisdiction arguing that the trial court lacked subject matter jurisdiction to consider Kelley's claims because he failed to obtain a "right-to-sue" letter from the Texas Workforce Commission--Civil Rights Division ("TWC-CRD") and because he filed his suit prior to the expiration of 180 days after filing his complaints with the TWC-CRD. The trial court denied the County's plea to the jurisdiction. We affirm.

**BACKGROUND**

On June 10, 2008, the County terminated Kelley from his position as a detention officer with the El Paso County Sheriff's Office. Subsequently, on July 16, 2008, Kelley filed a complaint with the TWC-CRD alleging that he had been discriminated against as a result of his disability and that the County had retaliated against him for reporting said discrimination.

Kelley filed a second complaint with the TWC-CRD on August 4, 2008, alleging that the County had discriminated against him on the basis of his gender and that the County had retaliated against him for reporting that discrimination as well.

On August 25, 2008, Kelley filed the lawsuit at issue in this appeal. A the time he filed his lawsuit, forty days had passed from the date that Kelley had filed his first complaint with the TWC-CRD and twenty-one days had passed from the date that he filed his second complaint with the TWC-CRD.

The County of El Paso filed its Original Answer on September 29, 2008, and almost two years later, on August 18, 2010, filed its plea to the jurisdiction arguing that the trial court lacked subject matter jurisdiction for the reason that Kelley had failed to exhaust his administrative remedies. On April 11, 2011, the trial court denied the County's plea to the jurisdiction.

## DISCUSSION

In its sole issue on appeal, the County asserts that the trial court erred by denying its plea to the jurisdiction.

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of a cause of action. *Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *see Texas Department of Transp. v. Jones*, 8 S.W.3d 636, 637-38 (Tex. 1999). The plaintiff bears the burden to allege facts affirmatively proving that the trial court has subject matter jurisdiction. *Texas Dept. of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). To prevail on a plea to the jurisdiction, the defendant must show an incurable jurisdictional defect on the face of the pleadings. *City of Austin v. Rangel*, 184 S.W.3d 377, 381 (Tex.App.--Austin 2006, no pet.), *citing MAG-T, L.P. v. Travis Cent. Appraisal Dist.*, 161

2

S.W.3d 617, 624 (Tex.App.--Austin 2005, pet. denied).

We review a plea questioning the trial court's subject matter jurisdiction *de novo*. *See Tx. Dept. of Park and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In conducting our review, we do not look at the merits of the case but construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept the pleadings' factual allegations as true. *Texas Dept. of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002); *Texas Ass'n of Business*, 852 S.W.2d at 446; *Arnold v. University of Texas Southwestern Medical Center at Dallas*, 279 S.W. 3d 464, 467 (Tex.App.--Dallas 2009, no. pet.); *City of Austin v. Lamas*, 160 S.W.3d 97, 100 (Tex.App.--Austin 2004, no pet.).

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties to the extent necessary to resolve the jurisdictional issues raised, just as the district court is required to do. *Miranda*, 133 S.W.3d at 227, *citing Bland Indep. Sch. Dist.*, 34 S.W.3d at 555. Where a plea to the jurisdiction includes evidence, and the jurisdictional challenge implicates the merits of the plaintiff's cause of action, the trial court reviews the relevant evidence to determine if a fact issue exists. *Miranda*, 133 S.W.3d at 227. If the evidence shows a fact question regarding the jurisdictional issue, a plea to the jurisdiction may not be granted and the fact finder should resolve the fact issue. *Id*. at 227-28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the plea to the jurisdiction may be ruled on as a matter of law. *Miranda*, 133 S.W.3d at 228.

The Texas Commission on Human Rights Act, contained in Chapter 21 of the Texas Labor Code, maintains a comprehensive administrative review system for obtaining relief from unlawful employment practices. *See El Paso County v. Navarrete*, 194 S.W.3d 677, 683

(Tex.App.--El Paso 2006, pet. denied). Prior to filing suit in state court, an employee must exhaust his administrative remedies under the act by first filing a complaint, in this case with the TWC-CRD.[1] *Id*. This affords the commission an opportunity to investigate the allegation, informally eliminate any discrimination, and minimize costly litigation. *Id*. Unless an employee submits his complaint to the TWC-CRD within 180 days after the date the alleged unlawful employment practice occurred, the courts of Texas are barred from adjudicating the complaint. *Id*. at 683. This requirement, similar to a timely notice of appeal, is both mandatory and jurisdictional. *See In Re United Services Auto. Ass'n.*, 307 S.W.3d 299, 307 (Tex. 2010)(orig. proceeding).

Section 21.208 of the Texas Labor Code mandates that the TWC-CRD either dismiss or resolve the complaint within 180 days of the filing of the complaint and notify the employee accordingly. *See* TEX.LABOR CODE ANN. § 21.208 (West 2006). A complainant who receives notice under Section 21.208 that his complaint is not dismissed or resolved is entitled to request a written notice of his right to file a civil action. SEE TEX.LABOR CODE ANN. § 21.252.

Relying on *inter alia*, *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483 (Tex. 1991); *Jones v. Grinnell Corp.*, 235 F.3d 972 (5th Cir. 2001); and *Parga v. Kuehne + Nagel, Inc.*, 2009 WL 2956825 (W.D. Tex. June 17, 2009), the County contends that because Kelley failed to obtain a "right-to-sue letter" from the TWC-CRD he failed to exhaust his administrative remedies, thereby depriving the trial court of subject matter jurisdiction, requiring dismissal of the suit. We disagree.

As noted above, Section 21.252 of the Texas Labor Code governs the notice of a

---

[1] As noted by the County in its brief, if an employee initially files his complaint with the Equal Employment Opportunity Commission, the complaint is also considered filed with the TWC-CRD. *See Vielma v. Eureka Co.*, 218 F.3d 458, 462-63 (5th Cir. 2000).

complainant's right to file a civil action. It states:

> (a) A complainant who receives notice under Section 21.208 that the complaint is not dismissed or resolved is entitled to request from the commission a written notice of the complainant's right to file a civil action.
> (b) The complainant must request the notice in writing.
> (c) The executive director may issue the notice.
> (d) Failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent.

TEX.LABOR CODE ANN. § 21.252.

There is no jurisdictional language in Section 21.252. In *City of Houston v. Fletcher*, 63 S.W.3d 920, 923 (Tex.App.--Houston [14th Dist.] 2002, no pet.), our sister court stated that "[t]he whole tenor of the section is permissive and non-jurisdictional." While a complainant is entitled to request written notice from the commission of his right to file a civil action by the passage of 180 days after the filing of a written complaint, nothing requires him to do so. "For jurisdictional purposes, a plaintiff need not request a right-to-sue letter . . . ." *Id*. Accordingly, while Kelley was entitled to seek a right-to-sue letter from the TWC-CRD after the expiration of 180 day period set forth in Section 21.208 of the Texas Labor Code, he was not required to do so, and the fact that he sought no such letter did not deprive the trial court of subject matter jurisdiction.

The County also argues that because Kelley filed his lawsuit suit prior to the expiration of 180 days after filing his complaints with the TWC-CRD, he failed to exhaust his administrative remedies, again depriving the trial court of subject matter jurisdiction, requiring dismissal of the suit. Again, we disagree.

Section 21.208 states:

> If the commission dismisses a complaint filed under Section 21.201 or does not resolve the complaint before the 181st day after the date the complaint was filed, the commission shall inform the complainant of the dismissal or failure

5

to resolve the complaint in writing by certified mail.

TEX.LABOR CODE ANN. § 21.208.

Similar to Section 21.252, Section 21.208 contains no jurisdictional language. Its title refers only to notice. The entire section obligates the commission to inform a complainant of the commission's dismissal of the complaint or its failure to resolve the complaint, and nothing more. There is nothing indicating that the Legislature intended Section 21.208 to be jurisdictional.[2]

Even if Section 21.208 was both mandatory and jurisdictional, and we do not find that it is, nothing would have prevented Kelley from seeking an abatement from the trial court to cure the jurisdictional defect inasmuch as jurisdiction would have vested once the time period elapsed. *See American Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805 (Tex. 2001); *Univ. of Tex. Med. Branch at Galveston v. Barrett*, 159 S.W.3d 631, 633 (Tex. 2005).

As set out above, Kelley filed his complaints with the TWC-CRD on July 16, 2008 and August 4, 2008. Pursuant to Section 21.208 of the Texas Labor Code the TWC-CRD was obligated to either dismiss or resolve the complaints within 180 days of their filing and notify the employee accordingly.[3] *See* TEX.LABOR CODE ANN. § 21.208. Given that the County's plea to the jurisdiction was not filed until August 18, 2010 the case was effectively abated even though no motion was ever filed. As of February 1, 2009, the 180 day time period contained in Section 21.208 had more than elapsed for both of Kelley's complaints. On that date, Kelley was entitled to request a right-to-sue letter from the TWC-CRD, but he was not required to do so. As

---

[2] However, while there is nothing in the section to indicate that it is *jurisdictional*, the use of the term "shall" clearly indicates the Legislature's intent to make Section 21.208 *mandatory* on the commission. *See In Re United Services Auto. Ass'n*, 307 S.W.3d at 308-09.

[3] The 180 day time period referred to in Section 21.208 expired for both of Kelley's TWC-CRD complaints on January 12, 2009 and January 31, 2009, respectively.

6

a result, the County is unable to show an incurable jurisdictional defect on the face of the pleadings. *See City of Austin*, 184 S.W.3d at 381, *citing MAG-T, L.P.*, 161 S.W.3d at 624.

Inasmuch as neither Section 21.208 nor Section 21.252 of the Texas Labor Code are jurisdictional in nature, the trial court properly denied the County's plea to the jurisdiction.

**CONCLUSION**

Having overruled Appellant's only issue, we affirm the trial court's judgment.

May 16, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.