

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TEXAS DEPARTMENT OF AGING AND DISABLITY SERVICES, | § | No. 08-13-00202-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | County Court at Law No. 3 |
| | § | |
| SANDRA DELONG, | § | of El Paso, Texas |
| | § | |
| Appellee. | § | (TC# 2012-DCV-04738) |
| | § | |

## **O P I N I O N**

The Texas Department of Aging and Disability Services ("DADS") seeks interlocutory review of the trial court's order denying its plea to the jurisdiction in an employment discrimination case. In one issue, Appellant argues that the trial court lacked subject-matter jurisdiction over a former employee's claims because she had failed to fully exhaust her administrative remedies with the United States Equal Employment Opportunity Commission ("EEOC") before filing civil suit. We dismiss for lack of a justiciable controversy.

### BACKGROUND

Appellee Sandra DeLong served as DADS' chief nurse executive from August 11, 2008,

until December 13, 2011.[1]  In April 2009, DeLong requested a parking spot as a disability accommodation for angiodema and other health conditions.  DADS denied her request.  In July 2010, DeLong filed an internal complaint of disability discrimination, at which point, she alleges, "management began a pattern of harassment and retaliation" toward her.

On May 16, 2011, DeLong filed her first administrative complaint ("Complaint #1") with the Texas Workforce Commission's Civil Rights Division and the EEOC,[2] alleging that DADS discriminated against her on the basis of disability and sought to retaliate against her for prior requests for disability accommodations.  The EEOC issued her right-to-sue letter on December 19, 2011.

DeLong alleged in her original petition that Appellant eventually terminated her employment.  Following her termination, DeLong filed a second complaint with the TWC and the EEOC on January 18, 2012, ("Complaint #2"), alleging discrimination based on age, sex, and disability, as well as retaliation for requesting accommodations.[3]  On July 6, 2012, 170 days after filing Complaint #2, DeLong sued Appellant in county court.  DeLong subsequently received her EEOC right-to-sue letter for Complaint #2 on June 28, 2013.  The EEOC stated that it terminated the administrative process because the "[c]harging party [i.e. DeLong] has filed a lawsuit."

On July 9, 2013, more than a year after DeLong filed suit and two weeks after DeLong received her EEOC right-to-sue letter, Appellant filed a plea to the jurisdiction.  DADS

---

[1] We note that DeLong, in her brief, failed to provide any record citations.  Although we decline to exercise it, we reserve the power to strike DeLong's brief for failure to comply with the briefing rules, and remind counsel of the duty to comply with the Rules of Appellate Procedure and that proper citations are imperative to the expeditious administration of justice.  TEX.R.APP.P. 38.1(d), (g), (i); TEX.R.APP.P. 38.2 (incorporating appellant's brief standards against appellee by reference).

[2] "Pursuant to a Workshare Agreement between the EEOC and the TCHR, each of those entities designated the other as its agent for purposes of receiving employee complaints and drafting charges."  *Ledesma v. Allstate Insurance Co.*, 68 S.W.3d 765, 767 n.1 (Tex.App.--Dallas 2001, no pet.).

[3] The State did not raise any dispute as to the timeliness of Complaint #2 vis-à-vis the unlawful employment actions giving rise to the complaint.  We assume Complaint #2 was timely filed.

contended that DeLong's failure to file suit within sixty days after receiving the right-to-sue letter from Complaint #2 under TEX.LAB.CODE ANN. § 21.254 (West 2006) barred the trial court from exercising subject-matter jurisdiction over the suit *ab initio*. DeLong countered that she complied with all the administrative exhaustion requirements under the Texas Labor Code, that the administrative process is presumptively exhausted after 180 days, and that the proper remedy if she filed suit prematurely was abatement and not dismissal. The trial court denied Appellant's plea to the jurisdiction, stating that "[t]he remedy for the employer governmental entity under these facts was to have filed a Plea in Abatement."

## DISCUSSION

In its sole issue on appeal, Appellant contends that the 180-day notice of disposition provision of the Texas Commission on Human Rights Act ("TCHRA"), TEX.LAB.CODE ANN. § 21.208 (West 2006),[4] strips the state's trial courts of jurisdiction until a plaintiff with an employment grievance exhausts her administrative remedies before either the Texas Commission on Human Rights ("TCHR") or the EEOC. Appellant maintains that since DeLong filed suit while the EEOC still had jurisdiction over Complaint #2 for ten days, the trial court is jurisdictionally barred from considering the claims presented therein. Appellant also implicitly seeks reversal of our opinion in *El Paso County v. Kelley*, 390 S.W.3d 426 (Tex.App.--El Paso 2012, pet. denied), in which we held that the THCRA's 180-day disposition notice provision at the end of the administrative process was not jurisdictional. *Id*. at 430.

## Applicable Law

We review a plea challenging the trial court's subject-matter jurisdiction *de novo*, accepting allegations contained in the plaintiff's petition as true and "constru[ing] the pleadings

---

[4] The provision states: "If the commission dismisses a complaint filed under Section 21.201 or does not resolve the complaint before the 181st day after the date the complaint was filed, the commission shall inform the complainant of the dismissal or failure to resolve the complaint in writing by certified mail." TEX.LAB.CODE ANN. § 21.208.

3

liberally in favor of the plaintiff[][.]" *Texas Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We also review question of law and statutory construction *de novo. Id.* (questions of law); *In re Smith*, 333 S.W.3d 582, 585 (Tex. 2011)(statutory construction).

"To prevail on a plea to the jurisdiction, the defendant must show an incurable jurisdictional defect on the face of the pleadings." *Kelley*, 390 S.W.3d at 428. We presume the district courts of this state possess subject-matter jurisdiction over a claim absent supervening statutory authority to the contrary. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000); *see also Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 359 (Tex. 2004). "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX.GOV'T CODE ANN. § 311.034 (West 2013). "[T]he term 'statutory prerequisite' refers to statutory provisions that are mandatory and must be accomplished prior to filing suit." *Prairie View A&M University v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012).

The TCHRA created an administrative investigatory scheme designed to bring the state into compliance with Title VII of the Civil Rights Act of 1964, 42 U.S.C.A § 2000e-5(c)(West 2012), and led to the formation of the Texas Commission on Human Rights ("TCHR")—essentially, the state's investigatory counterpart to the EEOC. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483 (Tex. 1991), *overruled by In re United Services Auto. Ass'n*, 307 S.W.3d 299 (Tex. 2010). Filing an employment discrimination charge with the EEOC has the same effect under statute as filing a charge with the TCHR for purposes of administrative exhaustion under the TCHRA. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996). In brief, "to comply with this exhaustion requirement [under the TCHRA], an employee must: 1) file a complaint with the TCHR [or EEOC] within 180 days of the alleged discriminatory act;

4

2) allow the TCHR [or EEOC] to dismiss the complaint or resolve the complaint within 180 days before filing suit; and 3) file suit no later than two years after the complaint is filed." *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex.App.--Waco 2004, pet. denied); *see also* TEX.LAB.CODE ANN. §§ 21.201, 21.202, 21.208, 21.256 (West 2006). The Texas Supreme Court recently held that filing an administrative charge within 180 days of an improper employment action under TEX.LAB.CODE ANN. § 21.202 is a statutory prerequisite to suit, rendering failure to comply with that provision a jurisdictional defect under TEX.GOV'T CODE ANN. § 311.034. *Chatha*, 381 S.W.3d at 514. The court did not reach the issue of whether waiting 180 days for the claim to be administratively processed was also jurisdictional.

### Application of Law to Facts

Appellant and DeLong dispute whether the TCHRA, when read in light of TEX.GOV'T CODE ANN. § 311.034, mandates administrative exhaustion as a "statutory prerequisite" to civil suit, thereby stripping the district courts of jurisdiction until compliance is achieved. Appellant argues that *Chatha* conclusively answers that question in the affirmative, since an administrative complaint within 180 days is a prerequisite to suit, waiting for the administrative process to finish must also be a jurisdictional prerequisite by implication.

We need not decide this issue, as there is no justiciable controversy before us. Ten days after filing suit, DeLong would have exhausted the 180-day administrative process before the EEOC as a matter of law. *Rice*, 131 S.W.3d at 513. The fact that she did not receive her right-to-sue letter, which serves as written verification of administrative exhaustion, until nearly a year later is of no legal import. "[I]t is the entitlement to the right-to-sue letter" and not possession of the letter "that exhausts the complainant's administrative remedies." *Rice*, 131 S.W.3d at 513. Assuming that administrative exhaustion is a jurisdictional prerequisite to suit, the trial court

5

properly assumed jurisdiction over the claim ten days after filing, when the EEOC's jurisdiction lapsed by operation of law. *See Pinkard v. Pullman-Standard a Div. of Pullman, Inc.*, 678 F.2d 1211, 1218 (5th Cir. 1982)(holding that "subsequent receipt of the right-to-sue letter cures the defect with respect to the original filing . . . .").

Appellant has failed to demonstrate its "injury will be redressed by a favorable decision" from this Court. *Bacon v. Texas Historical Commission*, 411 S.W.3d 161, 175 (Tex.App.--Austin 2013, no pet.), *citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136-37, 119 L.Ed.2d 351 (1992)(laying out standing elements of injury-in-fact, causation, and redressability); *see also Kelley*, 390 S.W.3d at 431 (county "unable to show an incurable jurisdictional defect" where THCRA suit was filed prior to administrative exhaustion because 180 days had elapsed). The proper remedies for premature filing of a TCHRA suit are dismissal of the claim without prejudice or, in the alternative, abatement. *Pinkard*, 678 F.2d at 1218-19; *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). Appellant is no longer entitled to seek dismissal of the claim on its original grounds now that the EEOC's administrative jurisdiction has expired and the trial court properly assumed jurisdiction, *see Pinkard*, 678 F.2d at 1218-19; *Kelley*, 390 S.W.3d at 431, and abatement for ten days would not remedy Appellant's purported injury because the complained of obstruction to the trial court's jurisdiction has now been cleared by operation of law and "the case was effectively abated" by Appellant's lengthy delay in acting on the error. *See id.*; *see also Thomas*, 207 S.W.3d at 338 (internal citation omitted)("sustaining a plea in abatement requires that the claim be abated until removal of some impediment."). Appellant has failed to present us with an issue we are empowered to remedy. Absent a live controversy, Appellant's claim is moot.

Issue One is overruled. We dismiss Appellant's case as moot.

6

April 2, 2014

                                       YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.