

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-18-00389-CV

**IN RE R.R.** and C.C.

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed: June 27, 2018

PETITION FOR WRIT OF MANDAMUS DENIED

Relators filed a petition for writ of mandamus asserting the trial court abused its discretion by "failing to return [three children] to relators at the conclusion of the full hearing." Relators contend the children were removed based on an allegation that the children were under "neglectful supervision." Relators ask this court to instruct the trial court to return the children and dismiss the State's case.

Relator's petition does not contain, among other things, a statement of facts, legal authority, an argument, or an appendix. *See* TEX. R. APP. P. 52.3 ("Form and Content of Petition").[2] Because

---

[1] This proceeding arises out of Cause No. 2018PA00816, pending in the 37th Judicial District Court, Bexar County, Texas, the Honorable Charles E. Montemayor presiding.

[2] Contrary to Texas Rules of Appellate Procedure 9.8 and 9.9, in their petition, relators failed to identify the minors by an alias or redact their names. We would normally strike the brief for this reason. However, in the interest of justice, we exercise our discretion to consider relators' argument. *Tex. Dep't of Aging & Disability Servs. v. DeLong*, 441 S.W.3d 538, 539, n.1 (Tex. App.—El Paso 2014, pet. denied) (declining to exercise discretion to strike DeLong's brief for failure to comply with briefing rules).

the Texas Rules of Appellate Procedure require a relator to include in the petition "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record," we hold relators waived their contention. *See In re Hartigan*, 107 S.W.3d 684, 688 (Tex. App.—San Antonio 2003, orig. proceeding) (citing Rule 52.3(h)).

However, even if relators' petition conformed to the Texas Rules of Appellate Procedure, relators are not entitled to the relief they request. Although we have jurisdiction to direct a trial court to exercise its discretion, we are not permitted to tell the trial court how to rule on a pending matter. *See O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding) (per curiam). Therefore, we deny relators' petition for writ of mandamus.

Relators also filed a document entitled "Informa Pauper's Affidavit Statement" in which they ask this court to "request writs and motion, etc [sic] that were filed with the 37th District Court of Bexar County." We deny the request.

PER CURIAM