# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2024

Lyle W. Cayce
Clerk

No. 24-20046

—————————

Christy Thomas Bunker,

*Plaintiff—Appellant*,

*versus*

Dow Chemical Company,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-4372

———————————————————————

Before Clement, Graves, and Ramirez, *Circuit Judges*.

Edith Brown Clement, *Circuit Judge*:

Christy Bunker sued Dow Chemical Company in Texas state court for age discrimination and retaliation. Dow removed the case and filed a motion to dismiss, which the district court granted after finding that Bunker failed to exhaust her administrative remedies before filing suit. Because the district court correctly recognized that Bunker failed to properly request that the Equal Employment Opportunity Commission (EEOC) file her charge with the appropriate state agency, we AFFIRM.

No. 24-20046

I.

In June 2018, Dow hired Bunker as a senior health service manager. Bunker alleges that in February 2021, Dow treated younger employees more favorably than herself by giving them more opportunities for promotions and excusing conduct for which Bunker faced disciplinary action. On December 10, 2021, Bunker filed Form 5, entitled "Charge of Discrimination," with the EEOC. This charge alleged that "[Dow] discriminated against [Bunker] based on [her] age and retaliated against [her] in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended." Bunker left blank the line on the form where she could have written the name of the "State or local Agency, if any" that should also receive the charge (in addition to the EEOC). And Bunker made no mark near the text on the bottom of the form stating, "I want this charge filed with both the EEOC and the State or local Agency, if any." After filing her EEOC charge, Bunker continued to work for Dow until July 25, 2022, when she was discharged.

In October 2023, Bunker filed suit against Dow in Texas state court, alleging age discrimination and retaliation in violation of the Texas Commission on Human Rights Act (TCHRA).[1] Dow removed the case under diversity jurisdiction and moved to dismiss Bunker's claims under Federal Rule of Civil Procedure 12(b)(6). Dow argued that Bunker failed to exhaust her administrative remedies before filing suit and that the time to cure this defect had passed.

The district court granted Dow's motion, finding that "Bunker filed a claim with the EEOC, but not with the corresponding Texas agency, the

---

[1] The Texas Commission on Human Rights (TCHR) has been replaced with the Texas Workforce Commission (TWC), TEX. LAB. CODE § 21.0015, but courts still regularly refer to Chapter 21 of the Texas Labor Code as the TCHRA. *See, e.g.*, *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 502 n.1 (Tex. 2012). We will follow suit.

2

[Texas Workforce Commission (TWC)]." Thus, the district court held that Bunker had failed to exhaust her administrative remedies as required under the TCHRA. The district court rejected Bunker's argument that because the EEOC and the TWC entered into an agreement designating each other as agents for the purpose of receiving charges, a charge filed with the EEOC is considered filed with the TWC. Bunker now appeals.

## II.

We review the grant of a Rule 12(b)(6) motion de novo. *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011). "We ask whether, construing all inferences in favor of the plaintiff, there are sufficient factual allegations 'to raise a right to relief above the speculative level.'" *Martinez v. Nueces Cnty.*, 71 F.4th 385, 388 (5th Cir. 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This court must determine whether the plaintiff has pleaded "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" such that he has "'state[d] a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

For this diversity-jurisdiction action arising out of alleged employment violations in Texas, the substantive law of Texas applies. *See Hodges v. Mack Trucks Inc.*, 474 F.3d 188, 193 (5th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)). "In applying Texas law, we look first to the decisions of the Texas Supreme Court." *Hux v. S. Methodist Univ.*, 819 F.3d 776, 780 (5th Cir. 2016). If the Texas Supreme Court has not ruled on the issue, "we make an *Erie* guess, predicting what it would do if faced with the facts before us." *Id.* (footnote omitted). "Typically, we treat state intermediate courts' decisions as the strongest indicator of what a state

supreme court would do, absent a compelling reason to believe that the state supreme court would reject the lower courts' reasoning." *Id.* at 780–81.

As noted above, the substantive law at issue is the TCHRA. Prior to filing a civil action under the TCHRA, employees must exhaust their administrative remedies. *Vielma v. Eureka Co.*, 218 F.3d 458, 462 (5th Cir. 2000); *see also* TEX. LAB. CODE §§ 21.201–.202.

To exhaust administrative remedies under the TCHRA, a plaintiff must:

> (1) file a complaint with the TWC within 180 days of the alleged discriminatory act; (2) allow the TWC 180 days to dismiss or resolve the complaint; and (3) file suit in district court within 60 days of receiving a right-to-sue letter from the TWC and no later than two years after the complaint was filed.

*Lopez v. Tex. State Univ.*, 368 S.W.3d 695, 701 (Tex. App.—Austin 2012, no pet.). "This affords the commission an opportunity to investigate the allegation, informally eliminate any discrimination, and minimize costly litigation." *El Paso Cnty. v. Kelley*, 390 S.W.3d 426, 429 (Tex. App.—El Paso 2012, pet. denied).

In 1989, the TCHR (the predecessor to the TWC) and the EEOC entered a Worksharing Agreement, "which was intended to minimize unnecessary duplication of effort and make the operations of the two agencies more efficient." *Vielma*, 218 F.3d at 462. Under a subsequent Worksharing Agreement, the TCHR "designate[d] and establishe[d] the EEOC as a limited agent of the [TCHR] for the purpose of receiving charges on behalf of the [TCHR] and EEOC agree[d] to receive such charges." *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir. 1994). Because of this agreement, and only under certain circumstances, "when a complainant files her initial

charge with the EEOC, her charge will also be considered filed with the TCHR," now the TWC. *Vielma*, 218 F.3d at 462–63.

### III.

Bunker filed her EEOC charge on December 10, 2021, within 180 days of Dow's alleged discriminatory acts. And Bunker filed suit on October 9, 2023, within two years from the date of filing her EEOC charge. Although Bunker submitted her charge to the EEOC alone, and not the TWC, she argues that a charge filed with the EEOC is necessarily considered filed with the TWC because of the Worksharing Agreement between them. This argument is incorrect.

Texas courts considering this issue have held that a charge filed with the EEOC must at least indicate that it is to be filed with the TWC to satisfy the filing requirements of the TCHRA. *See, e.g.*, *Burgmann Seals Am., Inc. v. Cadenhead*, 135 S.W.3d 854, 857 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("We hold that providing the name of the TCHR and checking the box for simultaneous filing is the equivalent of filing with the TCHR."); *Port Arthur Indep. Sch. Dist. v. Edwards*, No. 09-11-00628-CV, 2012 WL 489052, at *6 (Tex. App.—Beaumont Feb. 16, 2012, no pet.) (mem. op.) ("Because the [T]CHR[] was designed to work alongside the EEOC, an aggrieved employee may satisfy the burden to 'file a complaint' with the TCHR by filing a charge with the EEOC and indicating on the form the desire to have it dually-filed with the State agency."); *Williams v. Vought*, 68 S.W.3d 102, 108 (Tex. App.—Dallas 2001, no pet.) ("A complaint filed with the EEOC, and forwarded by the EEOC to the TCHR, satisfies the requirements of the TCHRA."); *Westbrook v. Water Valley Indep. Sch. Dist.*, No. 03-04-00449, 2006 WL 1194527, at *3 (Tex. App.—Austin 2006, pet. denied) ("[A]n aggrieved employee may satisfy her burden to 'file a complaint' with the TCHR by filing a charge with the EEOC and checking a box on the EEOC

charge form indicating her desire to have it dually-filed with the state agency."). Federal courts considering the issue have reached the same conclusion. *See, e.g.*, *Minor v. Diverse Facility Sols.*, No. SA-20-CV-01033, 2021 WL 4350593, at *2 (W.D. Tex. Sept. 24, 2021) ("When a claimant files their initial charge with the EEOC, if the charge indicates it is a dual-agency filing, the charge will also be considered filed with the TWC."); *Acker v. Deboer, Inc.*, No. Civ.A 3:04-CV-1327-R, 2006 WL 1489265, at *3 (N.D. Tex. May 24, 2006) ("In his EEOC complaint, Acker indicated that he wished for the TCHR to also review his claim. He therefore filed a timely charge with the TCHR within 180 days of his termination.") (citation omitted).

Indeed, as noted above, the purpose of the Worksharing Agreement between the EEOC and the TWC is to allow the TWC to investigate allegations, eliminate discrimination, and reduce litigation. *See El Paso Cnty. v. Kelley*, 390 S.W.3d 426, 429 (Tex. App.—El Paso 2012, pet. denied). But if the TWC has no record of the relevant complaints filed with the EEOC, then the state agency cannot discharge the functions contemplated by the Worksharing Agreement. And without the EEOC receiving an indication that the TWC is to receive a complaint, the EEOC is unlikely to efficiently and consistently share the relevant complaints with the TWC. The Worksharing Agreement does not require the EEOC to divine which complaints should go to the TWC with no input from the complainants.

We are thus persuaded that if the Texas Supreme Court faced the question of whether filing an EEOC charge with no indication that the TWC should receive the charge satisfies the TCHRA's filing requirements, its answer would be "no." Some indication in the EEOC charge that the TWC is to receive the charge is necessary.[2] This indication could appear, as clearly

---

[2] Some courts have characterized the necessary condition to meeting the TCHRA filing requirements as "actually fil[ing] with the Commission," *Howe v. Yellowbook, USA,*

intended, on the line designated for the employee to write the "State or local Agency, if any," or in the narrative section of the form, or even on the bottom near the text "I want this charge filed with both the EEOC and the State or local Agency, if any." But the filer must give some indication or request to the EEOC to transmit the form to the TWC.

Despite the caselaw on point, Bunker contends that filing with the EEOC automatically satisfies the TCHRA's filing requirement. In support of her position, Bunker cites this court's decision in *Vielma v. Eureka Co.*, 218 F.3d 458. But *Vielma* did not confront the issue of whether filing with the EEOC necessarily qualifies as filing with the TWC. As other courts have recognized, in *Vielma* "there was evidence that the Commission had received [the] plaintiff's charge." *Howe*, 840 F. Supp. 2d at 978. Indeed, this court explained that Vielma "requested and . . . received the TCHR version of a 'right to sue' letter." *Vielma*, 218 F.3d at 461. Further, we limited our holding in *Vielma* to the facts before us: "*In a case like this one*, when a complainant files her initial charge with the EEOC, her charge will also be considered filed with the TCHR." *Id.* at 462–63 (emphasis added). The phrase "[i]n a case like this one" limited the court's holding to cases in which there was evidence that the state agency received the plaintiff's charge.

Bunker also cherry-picks a line from our decision in *Griffin v. City of Dallas*. Although the case states that "upon the EEOC's receipt of the complaint, the TCHR, for all legal and practical purposes, received the complaint," the previous sentence makes clear that the EEOC complaint at issue was also addressed to the TCHR, unlike Bunker's. *Griffin*, 26 F.3d at

---

840 F. Supp. 2d 970, 978 (N.D. Tex. 2011), while others have held that a request or indication to file the EEOC charge with the TWC is enough, *Burgmann Seals Am., Inc.*, 135 S.W.3d at 857. We need not resolve this question because Bunker failed to plead facts establishing that she met either standard.

612–13. The sentence states, "Under the plain terms of this agreement, when Mr. Griffin filed his discrimination complaint with the EEOC—*a complaint which was also addressed to the TCHR*—the EEOC accepted that complaint, not only for its own purposes, but also for the purposes of the TCHR." *Id.* at 612 (emphasis added). Like *Vielma*, *Griffin* did not reach the question before this court.

Lastly, Bunker cites *Marquis v. Omniguide, Inc.*, but that decision acknowledges that an EEOC charge must be "forwarded by the EEOC to the TWC" to satisfy the filing requirements of the TCHRA. 714 F. Supp. 2d 640, 644 (N.D. Tex. 2010).

In short, the cases Bunker relies on in support of her position are not availing. And as explained above, Texas state and federal courts have consistently held that a charge filed with the EEOC must at least indicate that it is to be filed with the TWC in order to meet the filing requirements of the TCHRA. Bunker fails to present a compelling reason why the Texas Supreme Court would not adopt this position.

Bunker's EEOC charge gave no indication that it should be sent to the TWC. For this reason, the district court properly held that she "failed to timely file her complaint with the TWC and cannot cure the defect two years after the fact." Bunker failed to exhaust her administrative remedies, and her claims under the TCHRA were rightfully dismissed with prejudice.[3]

---

[3] Besides the argument that filing with the EEOC is automatically considered filing with the TWC, Bunker raises new arguments on appeal regarding alleged ambiguity in the TCHRA. "A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). "Exceptions to this general rule include jurisdictional challenges and issues 'purely legal' in nature that would 'result in a miscarriage of justice' if we did not address them." *Arredondo v. Elwood Staffing Servs., Inc.*, 81 F.4th 419, 428 (5th Cir. 2023) (quoting *Rollins*,

No. 24-20046

IV.

For the foregoing reasons, we AFFIRM.

---

8 F.4th at 398). "[A]ppellate courts have considerable discretion in deciding whether to consider an issue that was not raised below." *Rollins*, 8 F.4th at 398. Our decision not to address Bunker's newly raised arguments does not result in a miscarriage of justice. Bunker had every opportunity to present these arguments below.